# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| MARLENE MAUER,<br><br>Plaintiff,<br><br>vs.<br><br>ICON HEALTH AND FITNESS, INC.,<br><br>Defendant. | No. C18-2009-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

This case is before me on a motion (Doc. No. 24) for summary judgment filed by defendant ICON Health and Fitness, Inc. (ICON). Plaintiff Marlene Mauer has filed a resistance (Doc. No. 25) and ICON has filed a reply (Doc. No. 26). I find that oral argument is not necessary. *See* Local Rule 7(c).

## II.  PROCEDURAL HISTORY

Mauer commenced this action on January 5, 2018, by filing a petition (Doc. No. 3) in the Iowa District Court for Bremer County against ICON, Sears, Roebuck and Co. (Sears) and Sears Home Services, LLC (Sears Home).[1] Defendants timely removed the case to this court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1446(a). Mauer's petition includes three counts against ICON: (1) products liability based on a failure to warn, design defect, manufacturing defect and/or insufficient inspection; and (2) negligence based on a failure to warn, design defect, manufacturing

---

[1] Mauer dismissed Sears and Sears Home without prejudice on April 3, 2019, due to their bankruptcy filing. *See* Doc. Nos. 12, 16, 17, 18.

defect and/or insufficient inspection and (3) breach of implied warranty of merchantability.

Mauer served her initial disclosures on April 19, 2018. Doc. No. 24-1 at 3. She identified Dennis Peters of Cedar Valley Fitness Repair as a potential witness in this case. *Id*. Mauer generally explained that Peters inspected the treadmill on March 1, 2016, and is of the opinion that the treadmill's speed automatically increased during the incident at issue (as described further below) because of either a console or lower control board issue. *Id*. However, Mauer did not follow up providing any disclosures of expert witness opinions by her June 28, 2019, deadline to designate expert witnesses and provide expert witness disclosures. *Id.*

After ICON served defense expert witness disclosures on Mauer, Mauer's counsel advised ICON's counsel that Peters had passed away, and that Mauer's counsel was seeking a replacement expert. *Id.* Discovery in this case closed on November 18, 2019. Doc. No. 20. ICON filed its motion for summary judgment on January 2, 2020, seeking judgment in its favor on all counts. Mauer has not, at least up to the date of ICON's motion for summary judgment, identified any other expert witness or disclosed the opinions of any such witness. Doc. No. 24-1 at 6. A jury trial is scheduled to begin June 22, 2020.

### III. RELEVANT FACTS

The following facts are undisputed[2] for purposes of ICON's motion except where otherwise noted:

---

[2] Mauer did not file a response to ICON's Statement of Material Facts. Doc. No. 24-1. The Local Rules required Mauer to file a response in which she "expressly admits, denies, or qualifies each of the moving party's numbered statements of fact . . . ." Local Rule 56(b)(2). Mauer's failure to file a response is deemed an admission of all facts contained in ICON's Statement of Material Facts. Local Rule 56(b) ("The failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact.").

Mauer purchased a Proform Crosswalk Fit 415 Treadmill (the treadmill) from Sears, Roebuck and Co. (Sears) on May 28, 2015. Doc. No. 25-1 at 1. The treadmill was designed and sold to Sears by ICON. *Id.* Mauer alleges that on one occasion between May 28, 2015, and June 15, 2015, the treadmill accelerated automatically, and without warning, during use, causing her to fall.[3] *Id.* ICON disputes whether the treadmill automatically accelerated and disputes whether it caused Mauer to fall. Doc. No. 26 at 1.

On June 16, 2015, a Sears technician tested the treadmill and adjusted the motor speed. Doc. No. 25-1 at 1. It is disputed whether the Sears technician did any other work on the treadmill on that date. Mauer alleges that no parts were replaced or repaired. *Id.* at 2. ICON notes there is no testimony from any witness with personal knowledge about what the Sears technician did to the treadmill on June 16, but agrees there is a document that suggests no parts were replaced or repaired. Doc. No. 26 at 1–2.

Mauer alleges that on January 24, 2016, the treadmill again accelerated automatically and without warning after she had been walking on it for approximately six minutes. Doc. No. 25-1 at 2. Mauer alleges that as a result, she fell off the treadmill and broke her shoulder, bruised her chin and hurt her left knee. *Id.* ICON disputes whether the treadmill automatically and without warning accelerated and disputes whether it caused Mauer to fall. Doc. No. 26 at 1. Mauer alleges that when using the treadmill on January 24, she pressed only the "start" button and otherwise kept her hands on the treadmill's hand bar while she walked. Doc. No. 25-1 at 2. ICON disputes whether Mauer pressed only the "start" button. Doc. No. 26 at 2. Mauer also claims she never changed programs or features while using the treadmill. Doc. No. 25-1 at 2. ICON disputes whether Mauer ever changed programs or features on the treadmill. Doc. No. 26 at 2. Mauer's husband put blue painter's tape over the program controls on the

---

[3] Mauer's claims are not based on this fall. *See* Doc. No. 3 at 2 (Mauer's petition mentions only the fall that occurred on January 24, 2016). Further, Mauer testified that the only injury from her earlier fall was a scrape on the right side of her face. Doc. No. 25-2 at 15.

treadmill to make sure they were never used but Mauer is not sure about when he placed the blue tape on the treadmill. Doc. No. 25-1 at 2.

When Mauer was asked during her deposition whether she knew if there were programs built into the treadmill that would increase the treadmill's speed on its own depending upon the program, Mauer replied she did not. Doc. No. 24-1 at 5. When asked if it was possible that the treadmill could have accelerated because a workout program on the treadmill was activated such that the treadmill's speed would change on its own, Mauer stated "I wouldn't know because I don't know anything about all them programs and stuff." *Id.*

### IV. SUMMARY JUDGMENT STANDARDS

Any party may move for summary judgment regarding all or any part of the claims asserted in a case. Fed. R. Civ. P. 56(a). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "the substantive law will identify which facts are material." *Id.* Facts that are "critical" under the substantive law are material, while facts that are "irrelevant or unnecessary" are not. *Id.*

An issue of material fact is genuine if it has a real basis in the record, *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson*, 477 U.S. at 248). Evidence that only provides "some metaphysical doubt as to the material facts," *Matsushita*, 475

U.S. at 586, or evidence that is "merely colorable" or "not significantly probative," *Anderson*, 477 U.S. at 249–50, does not make an issue of material fact genuine.

As such, a genuine issue of material fact requires "sufficient evidence supporting the claimed factual dispute" so as to "require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248–49. The party moving for entry of summary judgment bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel*, 953 F.2d at 395 (citing *Celotex*, 477 U.S. at 323). Once the moving party has met this burden, the nonmoving party must go beyond the pleadings and by depositions, affidavits, or otherwise, designate specific facts showing that there is a genuine issue for trial. *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005). The nonmovant must show an alleged issue of fact is genuine and material as it relates to the substantive law. If a party fails to make a sufficient showing of an essential element of a claim or defense with respect to which that party has the burden of proof, then the opposing party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

In determining if a genuine issue of material fact is present, I must view the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587–88. Further, I must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Id.* However, "because we view the facts in the light most favorable to the non-moving party, we do not weigh the evidence or attempt to determine the credibility of the witnesses." *Kammueller v. Loomis, Fargo & Co.*, 383 F.3d 779, 784 (8th Cir. 2004). Instead, "the court's function is to determine whether a dispute about a material fact is genuine." *Quick v. Donaldson Co., Inc.*, 90 F.3d 1372, 1377 (8th Cir. 1996).

## V. ANALYSIS

While Mauer's state court petition names ICON in only three counts, those counts assert nine different claims under Iowa law: (1) product liability based on a failure to warn, (2) negligence based on a failure to warn, (3) product liability based on a design defect, (4) negligence based on a design defect, (5) product liability based on a manufacturing defect, (6) negligence based on a manufacturing defect, (7) product liability based on insufficient inspection, (8) negligence based on insufficient inspection and (9) breach of implied warranty of merchantability. Doc. No. 3. I will address each of Mauer's claims, although for reasons I will explain below, I will address her product liability and negligence claims on each defect issue together.

### A.   *Failure to Warn – Product Liability and Negligence*

ICON argues it is entitled to summary judgment on Mauer's failure to warn claim under a product liability theory because she has not identified any deficiency in the instructions or warnings provided with the treadmill and has not provided alternative instructions that would have prevented her January 24, 2016, accident. Doc. No. 24-2 at 6. ICON also argues that Iowa law requires Mauer to have expert opinion to support her failure to warn claim. *Id.* at 8. ICON argues that even assuming Mauer has the necessary expert testimony, she cannot demonstrate proximate causation because she did not fully read the warnings or instructions that accompanied the treadmill. *Id.* at 7. Last, ICON contends it is entitled to summary judgment on Mauer's claim of failure to warn under a negligence theory because Iowa law prohibits a plaintiff from bringing claims of failure to warn under both product liability and negligence theories. *Id.* at 10.

Mauer's resistance fails to address ICON's arguments on either of her failure to warn claims. Instead, she argues only that that she has a general negligence claim that should proceed to a jury because res ipsa loquitur would permit a jury to infer negligence from the facts presented. Doc. No. 25 at 3. I will address Mauer's claim of general negligence under res ipsa loquitur later in this opinion.

*1. Applicable Law*

Under Iowa law, a plaintiff cannot assert a failure to warn claim under a theory of strict liability. *Scott v. Dutton–Lainson Co.*, 774 N.W.2d 501, 504 (Iowa 2009) (citing *Olson v. Prosoco, Inc.*, 522 N.W.2d 284, 289 (Iowa 1994)). The Iowa Supreme Court has reiterated, "In *Wright* [*v. Brooke Group, Ltd.*, 652 N.W.2d 159 (Iowa 2002)], we adopted the Restatement (Third) of Torts: Products Liability sections 1 and 2 (1998) [Products Restatement]," which, in turn, "recognizes that 'strict liability is appropriate in manufacturing defect cases, but negligence principles are more suitable for other defective product cases.'" *Id.* at 504 (quoting *Wright*, 652 N.W.2d at 168). Still more specifically, "[t]he standards for . . . failure to warn claims—as recognized by the Third Products Restatement and *Wright*—require consideration of reasonableness and therefore incorporate negligence principles." *Id.* at 506 (citing Products Restatement § 2(c), at 14). Thus, failure to warn product defect claims are negligence claims under Iowa law, as defined in Products Restatement § 2(c):

> A product . . . is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Products Restatement § 2(c). "Among other things, this claim specifically requires the plaintiff to show that the foreseeable risk of harm could have been reduced or avoided with reasonable instructions or warnings. Further, this claim requires a showing that the risk to be addressed was not obvious to product users." *Neilson v. Whirlpool Corporation*, No. C10-140, 2012 WL 13018693, at *11 (S.D. Iowa Jan. 3, 2012).

Iowa's appellate courts discussed the necessity of expert testimony in product liability cases on several occasions. Iowa does not categorically require expert testimony in all product liability cases. *Housley v. Orteck Int'l, Inc.*, 488 F. Supp. 2d 819, 828 (S.D. Iowa 2007) (citing *Reed v. Chrysler Corp.*, 494 N.W.2d 224, 226–27 (Iowa 1992)).

7

"Whether expert testimony is required ultimately depends on whether it is a fact issue upon which the jury needs assistance to reach an intelligent or correct decision." *Reed*, 494 N.W.2d at 226–27 (quoting *Wernimont v. Int'l Harvestor Corp.*, 309 N.W.2d 137, 141 (Iowa Ct.App.1981)); *see also Giles v. Miners, Inc.*, 242 F.3d 810, 813 (8th Cir. 2001) ("Although Iowa law does not appear to require expert testimony for recovery in a products liability action, the plaintiff must supply sufficient evidence to satisfy the trial court that the jury, with its common knowledge, could reasonably find an alternative design to be practicable and feasible."). Expert testimony is required to establish causation when "the average juror needs the assistance of expert testimony to reach an intelligent decision about whether the foreseeable risks of harm posed by [a product] could have been reduced or avoided by the provision of reasonable instructions or warnings and, if so, whether an omission of instructions or warnings rendered the device not reasonably safe." *Benedict v. Zimmer, Inc.*, 405 F. Supp. 2d 1026, 1033 (N.D. Iowa 2005).

### 2. *Discussion*

Mauer may bring a failure to warn claim under Iowa law, pursuant to Products Restatement § 2(c). However, her petition and resistance brief makes no mention of the warnings or instructions that could have been provided to reduce or avoid her injury. Further, she does not mention the actual risk to be addressed by such warnings. Even if Mauer had addressed these issues, expert testimony would be required. This is a complex and technical case involving issues of product design, engineering and manufacturing beyond the common experience of the average juror. The average juror is not familiar with the design of the treadmill, what parts are in it, how it was created or how it functions. The average juror will not be able to understand what instructions or warnings could have been provided with the treadmill without expert testimony. *See Neilson*, 2012 WL 13018693, at *11 (holding expert testimony was required in a product liability case in which the plaintiff alleged a washing machine was defective and caused a fire);

*Housley*, 488 F. Supp. 2d at 829 (same where the product was a tractor tire); *Benedict*, 405 F. Supp. 2d at 1033 (same where the product was an artificial hip); *Rock v. Smith*, 985 F. Supp. 2d 1066, 1074 (S.D. Iowa 2013) (same where the product was a tow dolly).

Because Mauer may not bring a failure to warn claim based on strict liability, and because she has not generated a genuine issue of material fact as to whether alternative instructions or warnings could have been provided to reduce the foreseeable risk of harm, ICON is entitled to summary judgment on her failure to warn claims.

## B. *Design Defect – Product Liability and Negligence*

ICON argues it is entitled to summary judgment on Mauer's claim of design defect under a product liability theory because she has not identified any reasonable alternative design for the treadmill that would have reduced or avoided the foreseeable risks of harm, nor has she shown how the omission of the alternative design rendered the treadmill unsafe. Doc. No. 24-2 at 5. ICON also argues that Iowa law requires Mauer to have expert opinion to support her design defect claim. *Id.* at 5. Last, ICON contends it is entitled to summary judgment on Mauer's design defect claim under a negligence theory because Iowa law prohibits a plaintiff from bringing claims of design defect under both product liability and negligence theories. *Id.* at 10. Mauer's resistance fails to address ICON's arguments on either of her design defect claims.

### 1. *Applicable Law*

"Under a design-defect claim, a plaintiff is essentially arguing that, even though the product meets the manufacturer's design specifications, the specifications themselves create unreasonable risks." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006). A plaintiff may bring only one claim based on a design defect. The Iowa Supreme Court has explained:

> Prior to this court's recent decision in *Wright v. Brooke Group Ltd.*, 652 N.W.2d 159 (Iowa 2002), design defect claims could be brought under a

theory of either strict liability or negligence. *See, e.g.*, *Chown v. USM Corp.*, 297 N.W.2d 218, 220 (Iowa 1980); *Hawkeye-Security Ins. Co. v. Ford Motor Co.*, 174 N.W.2d 672, 682–84 (Iowa 1970). In *Wright*, we adopted the Restatement (Third) of Torts: Products Liability sections 1 and 2 (1998) [hereinafter Third Products Restatement]. *Wright*, 652 N.W.2d at 169. The Third Products Restatement recognizes that "strict liability is appropriate in manufacturing defect cases, but negligence principles are more suitable for other defective product cases." *Id.* at 168. Therefore, *Wright* adopted a standard of risk-utility analysis, which incorporates a consideration of reasonableness, for design defect claims, but chose to "label a claim based on a defective product design as a design defect claim without reference to strict liability or negligence." *Id.* at 169.

*Scott*, 774 N.W.2d at 504.

To prove a design defect, a plaintiff must demonstrate "the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of alternative design renders the product not reasonably safe." *Wright*, 652 N.W.2d at 169 (citing Products Restatement § 2(b)). "Thus, '[t]o succeed under [Products Restatement] section 2(b), a plaintiff must ordinarily show the existence of a reasonable alternative design, and that this design would, at a reasonable cost, have reduced the foreseeability of harm posed by the product.'" *Nationwide Agribusiness Ins. Co. v. SMA Elevator Const. Inc.*, 816 F. Supp. 2d 631, 657 (N.D. Iowa 2011) (citations omitted).

### *2. Discussion*

Mauer may bring a design defect claim under Iowa law, pursuant to Products Restatement § 2(b). However, Mauer fails to identify a design defect in the treadmill that could have been remedied by a reasonable alternative design, and further fails to show that an alternative design would have reduced or avoided foreseeable risks of harm. Even if Mauer had addressed these issues, expert testimony would be necessary. An average juror has no understanding as to the actual design of the treadmill or any

alternative designs which might reduce the risk of foreseeable harm. *See Neilson*, 2012 WL 13018693, at *11; *see also Reed*, 494 N.W.2d at 227 ("[D]esign defect cases sometimes involve technical, scientific issues which cannot be fully understood by the average juror without some expert assistance. In such cases, expert testimony as to the defective nature of defendant's design will be an indispensable element of plaintiff's case.").

Because Mauer has failed to create a genuine issue of material fact as to what design defect could have been remedied by a reasonable alternative design, and whether that alternative design might reduce the risk of foreseeable harm, ICON is entitled to summary judgment on Mauer's defect design claims.

## C. *Manufacturing Defect – Product Liability and Negligence*

ICON argues it is entitled to summary judgment on Mauer's claims of manufacturing defect under product liability and negligence theories because Mauer has not presented any expert evidence demonstrating that the treadmill deviated from its intended design, or that any manufacturing defect caused Mauer's injuries. Doc. No. 24-2 at 4. Mauer's resistance fails to address ICON's arguments on either of her manufacturing defect claims. As such, I find that she has abandoned those claims. Nonetheless, I will briefly address them.

### 1. *Applicable Law*

Iowa law allows a plaintiff to bring manufacturing defect claims under strict liability and negligence theories. The Iowa Supreme Court has explained that, unlike design defect and warning defect claims, to which negligence principles are applicable, "[t]he Third Products Restatement recognizes that 'strict liability is appropriate in manufacturing defect cases.'" *Scott*, 774 N.W.2d at 504 (quoting *Wright*, 652 N.W.2d at 168). The court recognized, however, that "[c]omment c of the Third Products Restatement section 2 notes that '[a]lthough Subsection (a) calls for liability without fault

11

[in manufacturing defect claims], a plaintiff may seek to recover based upon allegations and proof of negligent manufacture.'" *Id.* at 505 n.3 (quoting Products Restatement § 2 cmt. c); *see Nationwide Agribusiness Ins. Co.*, 816 F. Supp. 2d at 663 (finding that Products Restatement § 2(a) authorizes both strict liability and negligence claims based on a single manufacturing defect); *see also Estate of Thompson v. Kawasaki Heavy Industries, Ltd.*, 922 F. Supp. 2d 780, 786 (N.D. Iowa 2013); *Depositors Ins. Co. v. Wal-Mart Stores, Inc.*, 506, F.3d 1092, (8th Cir. 2007).

Under either theory, a plaintiff must show that the product did, in fact, have a manufacturing defect at the time of sale that caused the plaintiff's harm. Products Restatement § 2(a) cmt. n. This means the product "contains a manufacturing defect when the product departs from its intended design even though all possible care was exercised in the preparation and marketing of the product. . . ." Products Restatement § 2(a). "A departure from the intended design of a product cannot be determined without knowing the actual intended design of the product. Thus, under Iowa law, an essential element of any manufacturing defect claim is the intended design of the product." *Depositors Ins. Co.*, 506 F.3d at 1095.

## 2. Discussion

Mauer offers no evidence showing the intended design of the treadmill or how the manufacturing of this particular treadmill departed from its intended design. *See id.* (holding that a plaintiff fails to establish a manufacturing defect claim when she offers no evidence of the intended design of product or how the manufacturing of the product departed from its intended design). Even if Mauer had addressed these issues, expert testimony would be necessary. An average juror has no knowledge on whether the treadmill contains a defect that departs from its intended design without testimony from an expert. *See Neilson*, 2012 WL 13018693, at *9. The technical details of how the treadmill should work and may have deviated from that are not something an average juror would know about. Mauer has failed to show a genuine issue of material fact that

the treadmill has a defect that departs from its intended design. Thus, under either a strict liability or a negligence theory, ICON is entitled to summary judgment on Mauer's manufacturing defect claims.

### D. *Insufficient Inspection – Product Liability and Negligence*

Mauer's claims of insufficient or inadequate inspection under strict liability and negligence theories have no legal merit. Mauer cites no authority suggesting that these are recognized claims under Iowa law, nor have I been able to locate such authority. Further, Mauer has failed to address her claims of insufficient inspection in her briefing, thus effectively abandoning those claims. ICON is entitled to summary judgment on Mauer's insufficient inspection claims.

### E. *Breach of Implied Warranty of Merchantability*

ICON argues it is entitled to summary judgment on Mauer's claim of breach of implied warranty of merchantability because she has not presented expert testimony on whether the treadmill contained a defect, nor can she prove that any defect caused her accident without expert testimony. Doc. No. 24-2 at 9. Mauer's resistance fails to address ICON's arguments on breach of implied warranty of merchantability. While this indicates that she has abandoned this claim, I will nonetheless address it briefly.

#### 1. *Applicable Law*

The Iowa Supreme Court has observed that "a warranty of merchantability 'is based on a purchaser's reasonable expectation that goods . . . will be free of significant *defects* and will perform in the way goods of that kind should perform.'" *Wright*, 652 N.W.2d at 180–81 (quoting *Van Wyk v. Norden Labs., Inc.*, 345 N.W.2d 81, 84 (Iowa 1984), with emphasis added in *Wright*). To prove a claim of breach of the implied warranty of merchantability, a plaintiff must show (1) a merchant sold the goods, (2) the goods were not merchantable at the time of sale, (3) injury or damage occurred to the

plaintiff, (4) the defective nature of the goods caused the damage proximately and in fact and (5) notice was given to the seller of the damage. *Conveyor Company v. Sunsource Technology Services, Inc.*, 398 F. Supp. 2d 992, 1000 (N.D. Iowa 2005). Goods are merchantable if they "are fit for the ordinary purposes for which such goods are used." Iowa Code § 554.2314(2)(c). "[W]arranty liability under section 554.2314(2)(c) requires proof of a product defect as defined in Products Restatement section 2." *Wright*, 652 N.W.2d at 182; *see also Depositors Ins. Co.*, 506 F.3d at 1095 (analyzing separate claims of product liability, implied warranty of merchantability and negligence based on an alleged manufacturing defect in an extension cord or lamp cord).

### 2. *Discussion*

For reasons I have already explained above, without expert testimony Mauer cannot create a jury issue on whether the treadmill contains a warning defect, design defect or manufacturing defect as defined in Products Restatement § 2. Therefore, she is unable to demonstrate that the treadmill was not merchantable at the time she purchased it. I will grant ICON's motion for summary judgment on Mauer's implied warranty of merchantability claim.

### F. *Res Ipsa Loquitur*

While Mauer presents no argument related to her lack of an expert witness, she argues genuine issues of material fact exist as to a claim of general negligence under res ipsa loquitur. Doc. No. 25 at 3. Mauer contends that res ipsa loquitur is applicable here and there are genuine issues of material fact as to whether ICON's negligence caused her injuries. *Id*. Mauer argues that, after the treadmill left ICON's control, no changes were made to it capable of causing her injury. *Id*. at 5. Mauer also argues that the treadmill would not have suddenly sped up while she was using it, and not pressing any buttons or using any special features or programs, in the absence of ICON's negligence. *Id*. at 7.

ICON responds that Mauer cannot assert product defect claims based on general negligence, and therefore res ipsa loquitur is inapplicable. Doc. No. 26-1 at 3. ICON contends that allowing Mauer to assert a product liability claim and a negligence claim would give her "two bites of the apple." *Id*. ICON argues that even if res ipsa loquitur is viable in this case, Mauer cannot show that her injury would not have happened in the absence of ICON's negligence. *Id*. ICON alleges the treadmill is designed to speed up automatically if certain workout programs are selected, and it is possible that Mauer activated one of those programs. *Id*.; Doc. No. 24-2 at 14. ICON also argues that the treadmill was serviced by a third party at least once before Mauer's accident occurred, which could have caused the unintended speed up to occur. Doc. No. 26-1 at 4; Doc. No. 24-2 at 13–14.

1. *Applicable Law*

Under Iowa law, a plaintiff may plead, and the district court may submit to the jury, a claim of both specific negligence and general negligence under res ipsa loquitur.[4] *Housley*, 488 F. Supp. 2d at 833 (citing *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 831 (Iowa 2000). Courts have allowed a claim of general negligence under res ipsa loquitur to proceed when the plaintiff also asserts product liability, specific negligence and warranty claims based on a product's alleged defect. *See Depositors Ins. Co.*, 506, F.3d at 1096; *Neilson*, 2012 WL 13018693, at *13; *Housley*, 488 F. Supp. 2d at 833; *Weyerhaeuser Co.*, 620 N.W.2d at 831. Res ipsa loquitur is a rule of evidence and a type of circumstantial evidence that permits, but does not compel, an inference of

---

[4] It is doubtful that Mauer adequately pleaded a claim of general negligence under res ipsa loquitur in her petition. *See Weyerhaeuser Co.*, 620 N.W.2d at 831 (Iowa is a notice-pleading state and a petition must give a defendant sufficient notice that the plaintiff is relying on a general negligence claim under res ipsa loquitur). The petition does not specifically mention a claim of general negligence under a res ipsa loquitur theory. However, ICON did not raise a sufficiency of the pleadings argument in its motion and, in any event, the res ipsa loquitur theory fails as a matter of law for reasons I will explain below.

15

negligence upon showing an injury "would not have occurred absent some unspecified but impliedly negligent act." *Sammons v. Smith*, 353 N.W.2d 380, 385 (Iowa 1984).

"Under Iowa law, res ipsa loquitur applies when '(1) the injury is caused by an instrumentality under the exclusive control of the defendant, and (2) the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used.'" *Brewster v. United States*, 542 N.W.2d 524, 529 (Iowa 1996) (quoting *Mastland, Inc. v. Evans Furniture, Inc.*, 498 N.W.2d 682, 686 (Iowa 1993)). "The plaintiff must provide substantial evidence to support both these elements, which then permits, but does not compel, the jury to draw an inference of negligence by the defendant." *Housley*, 488 F.Supp.2d at 833 (citing *Weyerhaeuser*, 620 N.W.2d at 831).

Res ipsa loquitur cannot "be relied on unless within the common experience of lay persons the occurrence [is] such that in the ordinary course of things it would not have happened if reasonable care had been used." *Brewster*, 542 N.W.2d at 530 (citations and quotations omitted). "If expert testimony is required to establish general negligence or the foundational facts and expert testimony is unavailable, then summary judgment is appropriate." *Id.* at 530–31 (citing *Welte v. Bello*, 482 N.W.2d 437, 440 (Iowa 1992)); *see also Housley*, 488 F. Supp. 2d at 834.

### 2. *Discussion*

Mauer has not shown a genuine issue of material fact as to whether the treadmill was defective or whether ICON's negligence caused that defect. The fact alone that the treadmill accelerated suddenly does not demonstrate that it would not have happened if ICON had used reasonable care.[5] The average juror is not familiar with the design of

---

[5] While not relevant to my analysis, there is no support in the record for ICON's argument that the treadmill had workout programs which, if selected, would cause the treadmill to speed up on its own. Doc. No. 24-2 at 14. At Mauer's deposition she was asked if she knew the treadmill had programs that would cause it to speed up on its own as part of a workout, and she replied that she did not. Doc. No. 24-1 at 5. This answer does not establish that the treadmill actually had any such programs, as Mauer admitted she knew nothing about them.

the treadmill, what parts are in it, how it was created or how it functions. An average juror cannot conclude from the lone fact that the treadmill suddenly accelerated, without Mauer pushing any of its buttons, that this occurred due to ICON's negligence. *See Neilson*, 2012 WL 13018693, at *13 (rejecting a res ipsa loquitur argument because the plaintiff could not show a genuine issue of material fact on whether there was a product defect or negligence associated with an alleged defect without expert testimony). Mauer cites no Iowa authority, and I am unable to locate any, allowing a plaintiff to make a claim of general negligence based on res ipsa loquitur when the plaintiff is found to need expert testimony to establish a defect in a product and to establish that the defect caused the plaintiff's injury. *See Weyerhaeuser Co.*, 620 N.W.2d at 833 (allowing a plaintiff to bring a general negligence claim under res ipsa loquitur when the plaintiff had an expert who could not pinpoint a defect in a liquid propane fuel tank, but testified the premature explosion of the tank was the result of a defect).

I am unpersuaded by Mauer's attempt to conduct an end-run around Iowa's product liability law and escape from her own failure to secure an expert witness. As I have explained above, due to the complex technical nature of the treadmill, all of Mauer's claims require expert testimony. Mauer has not provided that expert testimony. Mauer cannot avoid having to show the treadmill is defective through expert testimony by arguing that the mere fact the treadmill sped up automatically is enough to show that the product is somehow defective due to ICON's negligence.

Indeed, allowing Mauer to use res ipsa loquitur to create a jury issue would defeat the purpose of the res ipsa doctrine. The underlying reason for the doctrine is that "evidence of the true cause of plaintiff's injury is practically inaccessible to plaintiff but accessible to defendant." *Reilly v. Straub*, 282 N.W.2d 688, 694 (Iowa 1979). The opposite is true here. Mauer has the treadmill in her possession and can employ an expert to determine how it is defective (if at all). This is not a situation in which Mauer has an expert who has determined Mauer's injury was caused by a defect in the treadmill, but is unable to determine exactly what that defect is. *See Weyerhaeuser Co.*, 620 N.W.2d at

833. Instead, Mauer wishes to rely only on the fact that her treadmill accelerated without warning to demonstrate that her injury would not have happened unless ICON was somehow negligent. This she cannot do.

Mauer has not created a jury issue on whether the cause of her injuries was ICON's negligence or whether in the absence of any negligence, her injuries would not have occurred. ICON is entitled to summary judgment on Mauer's claim of general negligence under res ipsa loquitur.

## VI. CONCLUSION

For the reasons set forth herein:

1. ICON's motion (Doc. No. 24) for summary judgment is **granted** as to all claims.

2. This action is hereby **dismissed** and judgment **shall enter** in favor of ICON and against Mauer.

3. The trial of this case, currently scheduled to begin June 22, 2020, is hereby **canceled.**

4. The Clerk of Court shall **close this case**.

**IT IS SO ORDERED.**

**DATED** this 4th day of March, 2020.

_____
Leonard T. Strand, Chief Judge